# UNITED STATES DISTRICT COURT
## for the SOUTHERN DISTRICT OF INDIANA,
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **TERRANCE BROADWATER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *vs.* | ) | **CAUSE NO.  1:13-cv-309-RLY-DKL** |
| | ) | |
| **LIZ KALINA, LOLA ABBITT, and** | ) | |
| **ELDER CARE CONNECTIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ENTRY

### Plaintiff's *Motion for Entry of Default* [doc. 20]

On May 30, 2013, Plaintiff filed the present motion for entry of default against defendants Liz Kalina and Lola Abbitt for their failure to file a timely answer to his March 5, 2013 *Amended Civil Rights Complaint* [doc. 4] ("*First Amended Complaint*").  These defendants answered five days later, on June 4, 2013.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Absent a party's forfeiture (by, *e.g.*, excessive delay in moving), the entry of default is mandatory.  *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012); *In re Stewart*, 408 B.R. 215, 220 (Bankr. N.D. Ind. 2009). "Although Rule 55(a), Fed.R.Civ.P. refers to entry of default by the clerk, it is well-established that a default also may be entered by the court."  *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2nd

Cir. 2011).  Although the entry of default is mandatory once defendants' failure to plead has been shown, because the Court, not its Clerk, is addressing the present motion, the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c).  The Court concludes that it has sufficient information to exercise its discretion under Rule 55(c).  *See McCarthy v. Fuller*, No. 1:08-cv-994-WTL-DML, *Entry Regarding Motion for Default Judgment*, 2009 WL 3617740 (S.D. Ind., Oct. 29, 2009).

Plaintiff filed his *First Amended Complaint* on March 5, 2013.[1]  As did the original complaint, it named as defendants Liz Kalina and Lola Abbitt.  Its allegations and legal claims are not entirely clear, but it apparently asserts claims of discrimination, harassment, and/or retaliation based on sex, gender, and/or age; violation of equal-pay and overtime-pay laws; and retaliation for exercising equal-pay and/or overtime-pay rights.[2]  On March 14, 2013, the Court *sua sponte* dismissed all claims under Title VII for the reason that only employers are liable under that statute.  The Court stated that the "sole proper defendant in this type of claim would be the plaintiff's former employer, Elder Care Connections, Inc."  *Entry Dismissing Insufficient Claim and Directing Service of Process* [doc. 5].  This *Entry* permitted the "Equal Pay and Fair Labor Standards claims" to proceed against the two

---

[1] This was Plaintiff's one-time amendment "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(A), having been filed only eight days after his original complaint was filed and before the defendants named therein had answered.

[2] In the "Jurisdiction" section of the *First Amended Complaint*, § B, Plaintiff lists that his cause of action is brought pursuant to Title VII, the Age Discrimination in Employment Act, the Equal Pay Act, and the Fair Labor Standards Act.

individual defendants, Kalina and Abbitt.  *Id.*  It also directed the Clerk of Court to issue and serve process on the defendants, including a request for waiver of service of summons under Fed. R. Civ. P. 4(d).  *Id.*[3]

The requests for waiver of service were sent on the date that the *Entry* was issued, March 14, 2013 [doc. 6] and defendants Kalina and Abbitt, both represented by the same counsel, returned an executed waiver on March 25, 2013 [doc. 11].  This gave these defendants sixty days after the request for wavier was sent — until May 13, 2013[4] — within which to file an answer to the *First Amended Complaint.*  Fed. R. Civ. P. 4(d)(3) and 12(a)(1)(A)(ii).

On March 25, 2013, Plaintiff moved for leave to file another amended complaint, one that named his former employer, Elder Care Connections, Inc. ("Elder Care"), presumably in response to the Court's previous *Entry* dismissing his Title VII claims.  *Motion to Amend or Supplement* [doc. 10].  His attached proposed second amended complaint [doc. 10-2] names only Elder Care (caption and ¶ 2); it omits defendants Kalina and Abbitt.  On April

---

[3] The *Entry* also granted Plaintiff's request [doc. 2] to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), a status that required the Court to dismiss the Title VII claims if it determined that they failed to state a claim, § 1915(e)(2)(B), and that requires officers of the Court to serve all process, § 1915(d).

[4] If a defendant timely waives service, she is afforded "60 days after the request for a waiver was sent" to answer.  In computing the time period, the day of the event triggering the period — here, March 14, 2013 — is excluded.  Fed. R. Civ. P. 6(a)(1)(A).  Every day is counted thereafter, including weekends and legal holidays, Rule 6(a)(1)(B), and the last day of the period is counted, unless it is a weekend or legal holiday, Rule 6(a)(1)(C).  This calculation places the last day of the sixty-day period on Monday, May 13, 2013.  (Three "service days" are not added to this period under Rule 6(d) because the triggering event was when the request for waiver was "sent," not served.)

13, 2013, the Court found that Plaintiff's proposed complaint was "essentially the same" as his *First Amended Complaint* except for the change in defendants. *Entry Directing Further Proceedings* [doc. 13]. The Court granted Plaintiff leave to amend his complaint but declared that "[t]he **first 18 pages of the March 25, 2013, filing** shall hereafter constitute the **'second amended complaint'**" and "shall be the **operative complaint**, with the understanding that all three defendants are now part of the action." *Id.* (original emphases). The Court thus constructed a *Second Amended Complaint* consisting of (1) Plaintiff's proposed complaint [doc. 10-2], deeming it modified or amended to add back the original two defendants, Kalina and Abbitt; (2) Plaintiff's *Motion to Amend or Supplement* [doc. 10]; and (3) the attached copy of Plaintiff's E. E. O. C. Charge of Discrimination [doc. 10-1]. The Court excluded the fifty-six pages of exhibits attached to Plaintiff's proposed complaint from the *Second Amended Complaint*. As it had done with Plaintiff's *First Amended Complaint*, the Court directed the Clerk of Court to issue process to the new defendant, Elder Care. Because defendants Kalina and Abbitt had already waived service of the *First Amended Complaint* [doc. 11] and entered appearances by counsel [docs. 8 and 9], service of process of the *Second Amended Complaint* under Rule 4 was not required on them; instead, what was required was that their attorneys receive ordinary service of copies of the new complaint pursuant to Rule 5(a)(1)(B) and (b)(1).

### Plaintiff's grounds

Here, the Court will be precise regarding the grounds Plaintiff presents for his

4

motion for entry of default.  Plaintiff's motion relies on his one-page attached affidavit for his showing and argument.  In his affidavit, Plaintiff avers that "the complaint and summons in this action were served on Defendant <u>Liz Kalina et al.</u> on March 14, 2013" and that the time within which the defendants may plead or otherwise defend has expired without a responsive pleading or other defense.  *Affidavit for Entry of Default* [doc. 20-1]. In his reply, Plaintiff shows the defendants' defaults by pointing to the Court's March 14, 2013 *Entry* allowing the *First Amended Complaint*'s equal-pay and fair-labor-standards claims to proceed and to the request for waiver of service that the Clerk sent to these defendants on March 14, 2013 and which was executed on March 22, 2013.  *Reply in Support of Motion for Entry of Default* [doc. 25] ¶¶ 1, 2.  Plaintiff argues that, as a result of these facts, defendants Kalina and Abbitt had sixty days after their requests for waiver were sent to them to answer, but they failed to file answers before this period expired.

Although Plaintiff does not identify the date when the sixty-day period to answer expired (as noted above, it expired on May 13, 2013), the date is irrelevant because Plaintiff's argument fails for a more fundamental reason.  Plaintiff clearly contends that defendants Kalina and Abbitt are in default because they failed to file timely answers to his *First Amended Complaint*, specifically the equal-pay and fair-labor-standards claims therein, which the Court's *Entry* of March 14, 2013 permitted to proceed.  But in its later April 23, 2013 *Entry Directing Further Proceedings*, granting Plaintiff's subsequent motion for leave to file a second amended complaint (which motion was filed on March 25, 2013,

long before the defendants' time to answer the *First Amended Complaint* had expired), the Court declared that the *Second Amended Complaint* "shall be the **operative complaint**, with the understanding that all three defendants are now part of the action" (original emphasis). Plaintiff's *First Amended Complaint* was thus supplanted and superseded by the *Second Amended Complaint*, as is the usual effect of amended pleadings. *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th cir. 2012); *Flannery v. Recording Industry Association of America*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004); S.D. Ind. L.R. 15-1(b) ("Amendments to a pleading must reproduce the entire pleading as amended"). See also *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007), and *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Because defendants Kalina's and Abbitt's time to respond to the *First Amended Complaint* had not expired by the time the Court granted leave to file the *Second Amended Complaint*, and no answers to the *First Amended Complaint* were required thereafter, defendants Kalina and Abbitt were not in default for failing to file timely answers to the *First Amended Complaint.*

### Alternate grounds

Extending leniency to Plaintiff as a *pro se* litigant, the Court will also examine whether defendants Kalina and Abbitt are in default for failing to timely file an answer to the *Second Amended Complaint.* The Court granted leave to Plaintiff to file his *Second Amended Complaint* on April 23, 2013 and directed service of process to the new defendant,

Elder Care.  A request for waiver of service was sent to Elder Care on the same date as leave was granted [doc. 14].  Elder Care executed the waiver the next day, April 24, 2013, and returned it the following day, April 25, 2013 [doc. 18].  This gave it until Monday, June 24, 2013 in which to plead or otherwise respond.  An answer on behalf of all the defendants was filed on June 4, 2013, *Answer to Plaintiff's Amended Complaint* [doc. 23], well within Elder Care's deadline.

As noted above, because defendants Kalina and Abbitt had already waived service of process and entered their appearances by counsel, they were due only ordinary service of the *Second Amended Complaint* under Fed. R. Civ. P. 5(a)(1)(B) and 5(b)(1), not full service of process under Rule 4.  According to Rule 15(a)(3), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  Defendants' only argument against entry of default is based on their mistaken assumption that all of the defendants partook of the sixty-day answer period that was afforded Elder Care when it executed and returned its waiver of service.  Defendants describe the April 24, 2013 waiver [doc. 18] as their combined waiver, but the waiver was available to, Rule 5(a)(1)(B), and addressed to, [doc. 14], only Elder Care, the newly named defendant.  Defendants Kalina and Abbitt were due only ordinary service under Rule 5 and had their own, independent period of time to answer the amended complaint, Rule 15(a)(3).

Fourteen days after the April 23, 2013 *Entry Directing Further Proceedings* ended on May 10, 2013.[5]  As noted above, the sixty-day period for defendants Kalina and Abbitt to answer the *First Amended Complaint*, pursuant to their earlier waiver of service, expired on May 13, 2013, which is the later of the two available dates under Rule 15(a)(3).  Because their answer was not filed until June 4, 2013, under this calculation, they were in default on May 30, 2013, when Plaintiff filed the present motion for entry of default.

However, perhaps not.  Rule 15(a)(3) provides that the defendants' time to answer ended on the latter of May 10, 2013 (the end of their sixty-day waiver time) or "14 days after service of the amended pleading . . . ."  While the distribution list [doc. 13, p. 2] and the Notice of Electronic Filing receipt for the *Entry Directing Further Proceedings* record that electronic service of the *Entry* was made on the defendants' counsel *via* the Court's ECF system, there is no record that the *Second Amended Complaint*—as approved, modified, and constructed by the Court—was served on the defendants.  As described above, the Court constructed the *Second Amended Complaint* from three separate documents:  Plaintiff's *Motion to Amend or Supplement* [doc. 10], his attached E. E. O. C. Charge of Discrimination [doc. 10-1], and his proposed *Amend or Supplement / Civil Rights Complaint* [doc. 10-2].  After the *Entry* was issued, these documents were not detached, consolidated, and filed as the *Second Amended Complaint*, as normally occurs.  In fact, there is no *Second Amended*

---

[5] Not counting April 23, 2013, Fed. R. Civ. P. 6(a)(1)(A), counting every day thereafter, Rule 6(a)(1)(B), including the final day, Rule 6(a)(1)(C), and adding three "service days," Rule 6(d), ends the period on May 10, 2013.

*Complaint* on the docket; there is only the Court's *Entry* approving and identifying the composition of it.  Under these circumstances, the Court does not find that Kalina and Abbitt were served with the *Second Amended Complaint* and, therefore, finds that their Rule 15(a)(3) fourteen-day period to answer did not commence and, therefore, has not expired. Thus, their answer filed on June 4, 2013 technically was not untimely as to them and they were not in default at any time before it was filed.

Alternatively, recognizing the principles that default judgments are disfavored and resolving cases on the merits is preferred, *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996), the Court finds good cause under Fed. R. Civ. P. 55(c) to set aside any default.  Even if service of the April 23, 2013 *Entry Directing Further Proceedings* on defendants Kalina and Abbitt was accompanied by the documents comprising the *Second Amended Complaint*, or if service of the *Entry* alone were construed as a form of *constructive* service of the new complaint on the defendants, the defendants' time to answer expired on May 9, Plaintiff moved for default on May 30, and the defendants quickly answered within five days, on June 4, long before Elder Care's answer was due.  This delay of less than a month in answering the amended complaint is not egregious and does not merit a default judgment under the circumstances.  The not-frivolous technical confusion about the defendants' times to answer (including Plaintiff's confusion), the absence of any showing or evidence of bad faith or gross neglect by defendants, and the absence of any showing of prejudice to Plaintiff at this early stage in this case, all demonstrate additional good cause for setting

aside a technical default.  Defendants have now answered and are ready (and have been ready) to mount a defense and to actively litigate this case.  In this totality of the circumstances, the preference against defaults and for resolutions on the merits persuade the Court that any default by defendants Kalina and Abbitt should be set aside.

Plaintiff's *Motion for Entry of Default* [doc. 20] is **DENIED**.

**DONE this date:** 07/03/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution to all ECF-registered counsel of record *via* ECF-generated e-mail.

Terrance Broadwater, 2406 S. Winslow Court, Bloomington, Indiana  47401.